IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Greif Packaging, LLC,

Plaintiff,

v.

American Controls, Inc., and
DB Global Connections, LLC,

Defendants.

Case No. 12-14136

Hon. George Caram Steeh

Magistrate Judge Mona K. Majzoub

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) IT IS HEREBY ORDERED that the production or other disclosure of all Confidential Information in connection with this litigation shall be made subject to the following terms.

**DEFINITIONS**

1. "Confidential Information" means all information, documents, electronically stored information (ESI), and other materials produced or otherwise conveyed during this litigation and designated in good faith and upon reasonable inquiry by the Producing or Designating Party as "Confidential Information" at the time of production or conveyance. "Confidential Information" means a Producing or Designating Party's trade secret, proprietary, commercially valuable and/or competitively sensitive information. Confidential Information that is designated as "Confidential-Attorneys Eyes Only" shall mean Confidential Information that (a) constitutes highly sensitive business information, including but not limited to financial statements, customer lists, and pricing information; and (b) is sufficiently sensitive that its

disclosure to a competitor, customer, or supplier would materially affect or threaten injury to the business of the Producing or Designating Party.

Information may not be designated as Confidential Information if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

2. "Producing Party" means the party or third party that produces Confidential Information.

3. "Receiving Party" means any party or third party receiving Confidential Information.

4. "Designating Party" means the party or third party that designates its own materials or those of any other party or entity as Confidential Information.

5. "Authorized Personnel" means:

a. Attorneys of record for the Receiving Party and members and employees of their firms who are involved in the prosecution or defense of this litigation;

b. Outside consultants or outside expert witnesses who are retained or consulted by the Receiving Party in connection with this action and whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this litigation;

c. In-house attorneys of the Receiving Party (and their affiliated and related companies) and their legal-support personnel directly involved in this litigation;

d. No more than two representatives of a party to the litigation (and their affiliated or related companies) designated as Authorized Personnel in connection with the prosecution or defense of this litigation, provided that all parties to the litigation are notified of the designation in advance, and that no Confidential Information shall be shared with such designated representatives until the other parties have had at least two weeks to object to the designation;

e. Any person who was involved in the preparation of any document, information, or other tangible medium, or who received or reviewed such document, information, or tangible medium for business purposes other than this litigation. Such person shall be considered "Authorized Personnel" solely with respect to the specific document, information, or tangible medium for which the person was involved in preparing or which the person received or reviewed;

f. Witnesses, deponents, and/or potential witnesses whose review of or questioning about the Confidential Information is reasonably necessary to assist in the prosecution or defense of the litigation; or

Access to or dissemination of materials designated Confidential-Attorneys Eyes Only shall be limited to persons in categories (a) and (e) above, and to (1) such experts or consultants in category (b) above who are not or have not otherwise been employed, engaged, or directly affiliated with either party or a direct competitor or of either party, and (2) the party producing and so marking the information.

**DESIGNATION OF MATERIAL AS CONFIDENTIAL INFORMATION**

6. The designation of information or a document as Confidential or Confidential Attorneys-Eyes Only constitutes an affirmative representation to the Court by the Designating Party and its attorneys of record that they honestly believe in good faith and upon reasonable inquiry that the information or document is confidential and should be protected under law.

7. The documents that the Producing or Designating Party desires to designate as Confidential Information shall be so stamped or marked on each page at the time of disclosure or when copies are provided to the Receiving Party. The documents shall be stamped with the legend "Confidential" or "Confidential-Attorneys Eyes Only" as appropriate. The designations "Restricted Confidential" or “Attorneys Eyes Only” may also be used and shall have the same

meaning as the "Confidential-Attorneys Eyes Only" designation. For ESI, the Producing or Designating Party shall imprint the designation word "Confidential" or "Confidential—Attorneys Eyes Only" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" or "Confidential—Attorneys Eyes Only" in the transmittal cover letter. Items other than documents or ES1 (such as interrogatory responses, affidavits, computer programs, etc.) shall be marked at a time and in a conspicuous manner appropriate to the items in question. In the case of inadvertent disclosure, documents or information can be later designated as Confidential Information within a reasonable period.

8. Depositions.

a. Information disclosed at: (i) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for purposes of this litigation; or (ii) the deposition of a third party, which information pertains to a party, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" or "Confidential -Attorneys Eyes Only" and is subject to the provisions of this Order.

b. Any party may also designate specific portions of deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information by designating the information at the deposition, or by notifying all of the parties, in writing, within thirty (30) days after receipt of the final deposition transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Confidential--Attorneys Eyes Only" thereafter. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control. Prior to the expiration of the thirty-day period, all material in deposition transcripts shall be treated as Confidential Information.

c. To the extent possible, the court reporter shall prepare both a complete transcript that is marked "Contains Confidential Information" and a separate transcript that is marked "Confidential Information Redacted" and has blank spaces corresponding to where designated Confidential Information appears in the complete transcript.

d. If during the course of a deposition, testimony is elicited that is designated Confidential or Confidential-Attorneys Eyes Only, anyone other than the deponent, the court reporter, and previously designated Authorized Personnel under paragraphs 6(a)-(f) will be excluded for the duration of such testimony.

9. Documents to be inspected may be designated as "Confidential" or "Confidential Attorneys Eyes Only" at the time of inspection and in the absence of such designation shall be

treated as Confidential Information during inspection. Such inspected documents shall be stamped "Confidential" or "Confidential-Attorneys Eyes Only" no later than at the time of copying for the Receiving Party.

10. A party may, at any time, make a good faith challenge to a Producing or Designating Party's designation of any material as Confidential Information by providing the Producing and Designating Parties with a written notice of the specific reasons why the objecting party believes that the documents in question cannot properly be designated as Confidential Information. Within fourteen (14) days of receipt of such written notice, the Designating Party must file a motion to maintain its designation. In filing such a motion, the Designating Party shall have the burden of establishing that the information in question merits the confidentiality designation. If, after receiving written notice of a challenge to a confidentiality designation the Designating Party fails to timely file such a motion, the documents in question shall lose their status as Confidential Information. Except as otherwise provided herein, pending the Court's decision on any motion filed by a Designating Party to maintain its confidentiality designation, the information in question shall continue to be treated as Confidential Information. A party shall not be obligated to challenge the propriety of the designation as Confidential Information at the time the designation is made, and failure to make such a challenge shall not preclude a subsequent challenge thereto. This order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall the order preclude the filing of any motion with the Court for relief from a particular provision of this order or for additional protections not provided by this Order.

**LIMITATIONS ON ACCESS TO INFORMATION**

11. Access to Confidential Information shall be limited to Authorized Personnel.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information as Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

**THIRD-PARTY WITNESSES**

13. A copy of this Protective Order shall be furnished to each third party required to produce documents. Such third parties may produce documents designated as "Confidential Information" pursuant to the terms of this Protective Order and all such information shall be treated in accordance with this Protective Order. A third party's confidentiality designations shall be subject to challenge in accordance with Paragraph 10.

**RESTRICTIONS ON USE OF CONFIDENTIAL INFORMATION**

14. The Producing Party shall retain the original documents throughout this litigation if it has produced the original for inspection and has provided complete legible photocopies thereof. However, nothing in this Protective Order shall be construed to excuse a Producing Party from its obligation to make the original document available for inspection or prevent a party from seeking production of original documents in an appropriate instance.

15. Confidential Information, including all copies and/or extracts thereof, and all information derived therefrom, shall be held pursuant to this Order by the Receiving Party and shall not be used for any purpose other than the prosecution or defense of this lawsuit or any related lawsuits.

16. By virtue of their appearances in this matter, all counsel for the parties shall be deemed to have acknowledged that they and their associated in-house counsel are bound by the terms of this Protective Order. Prior to being provided access to any Confidential Information, all other Authorized Personnel shall execute the acknowledgement to be bound by the terms of this Protective Order in the form attached as Exhibit 1. All such acknowledgements shall be retained

by the Receiving Party who retained or consulted such other Authorized Person until after the conclusion of this and all related litigation and shall be made available to any attorney of record upon request.

17. Limitations on the use or disclosure of Confidential Information shall apply to:

a. The information itself that has been designated as Confidential and all information derived therefrom;

b. Portions of the following that refer to, relate to, or contain any such Confidential Information: any document, ESI, affidavit, interrogatory answer, testimony (deposition or trial), response to a request for admission, transcript (deposition, hearing or trial), writing, videotape, drawing, computer storage device, electronic medium, and any other tangible medium whatsoever, and associated exhibits or attachments to any of the foregoing;

c. Any reproductions, extracts and complete or partial summaries prepared or derived from the items described in subparagraphs 1 7(a) and 17(b) above; and

d. Portions of briefs, memoranda, or any other writings (and associated exhibits) submitted to any court or party, which reveal or disclose any of the items described in subparagraphs 17(a) through 17(c) above.

18. Any Confidential Information that is filed with the Court, including any pleading or other document referencing or disclosing such information, shall be filed with the Clerk of the Court under seal and with an appropriate legend. Portions of any transcript (deposition. hearing or trial) and associated exhibits that contain Confidential Information shall be separately hound and labeled as such.

## COMPLETION OF LITIGATION AND RETURN OF CONFIDENTIAL INFORMATION

19. Unless the parties otherwise agree, all Confidential Information and all copies thereof (except that counsel shall be permitted to retain copies of any documents containing Confidential Information which were filed with the Court) shall be returned to the Producing Party within ninety (90) days following the conclusion of this and all related litigation, including appeals. Counsel for the Receiving Party shall certify (a) that all copies of Confidential

Information have been returned to the appropriate Producing Party, and (b) that all related writings, except attorney work product and pleadings, have been destroyed. This Protective Order shall continue to be binding on all persons receiving documents hereunder and upon conclusion of this litigation, the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Protective Order.

20. Any party designating any person as an Authorized Personnel shall have the duty to reasonably insure that such person observes the terms of this Protective Order.

s/George Caram Steeh
United States District Judge

Dated: February 5, 2013

Approved as to form:

DICKINSON WRIGHT PLLC

By: s/ John C. Blattner (with permission)
John C. Blattner (P52745)
Michelle R. Heikka (P66122)
Attorneys for Plaintiff
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 623-7075
jblattner@dickinsonwright.com
mheikka@dickinsonwright.com

RIVENOAK LAW GROUP, P.C.

By: /s Catherine T. Dobrowitsky
Catherine T. Dobrowitsky (P63245)
Attorneys for Defendant American Controls, Inc.,
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 677-1045
ctd@rivenoaklaw.com

BUTZEL LONG

By: /s/ Jennifer A. Dukarski
Jennifer A. Dukarski (P74257)
Paul R. Fransway (P37900)
Attorneys for Defendant DB Global Connections, LLC
301 East Liberty Street, Suite 500
Ann Arbor, Michigan 48104
(734) 213 3427
dukarski@butzel.com
fransway@butzel.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Greif Packaging, LLC,<br><br>Plaintiff,<br><br>v.<br><br>American Controls, Inc., and<br>DB Global Connections, LLC,<br><br>Defendants. | Case No. 12-14136<br><br>Hon. George Caram Steeh<br><br>Magistrate Judge Mona K. Majzoub |

**EXHIBIT 1 — AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________, declare as follows:

1. I have read the Protective Order in the above captioned case.

2. I promise that I will only use the documents and things designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or “CONFIDENTIAL — ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or “CONFIDENTIAL — ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or " CONFIDENTIAL

— ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: ____________________ ________________________________________
[Signature]